STATE OF HAWAI'I, Plaintiff-Appellee,
v.
BRET JOSEPH GUINAN, Defendant-Appellant.
No. 29103.
Intermediate Court of Appeals of Hawaii.
March 31, 2009.
On the briefs:
John M. Tonaki, Public Defender, Karen T. Nakasone, Deputy Public Defender, for Defendant-Appellant.
Peter B. Carlisle, Prosecuting Attorney, Loren J. Thomas, Brian R. Vincent, Deputy Prosecuting Attorneys, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., FUJISE and LEONARD, JJ.
Defendant-Appellant Bret Joseph Guinan (Guinan) appeals from the Judgment of Conviction and Sentence/Notice of Entry, filed on March 12, 2008 (Judgment), in the Circuit Court of the First Circuit (Circuit Court).[1] A jury found Guinan guilty on two counts of Unauthorized Control of Propelled Vehicle (UCPV) in violation of Hawaii Revised Statutes (HRS) § 708-836 (Supp. 2008). The Circuit Court sentenced Guinan to five years of incarceration on both counts with a mandatory minimum term of one year and eight months for each count to be served concurrently.
On appeal Guinan raises the following points of error:
(1) the Circuit Court erred when it refused to instruct the jury on the mistake-of-fact defense; and
(2) the Circuit Court erred when it denied Guinan's motion to sever Counts I and II.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the issues raised by Guinan as follows:
(1) With respect to Count II, the Circuit Court erred when it declined to instruct the jury on the mistake-of-fact defense because, inter alia, Guinan testified that he believed that Ikaika Arsisto (Arsisto) was the owner of the black Honda motorcycle at issue in Count II and that Arsisto had given Guinan permission to use the motorcycle. See State v. Mainaaupo, 117 Hawai'i 235, 251, 178 P.3d 1, 17 (2008). Because there is a reasonable possibility that this error contributed to Guinan's conviction, we vacate the judgment as to Count II and remand for a new trial. Id. at 252, 117 P.3d at 18.
With respect to Count I, however, Guinan did not produce any evidence to support a mistake-of-fact defense. No defense may be considered by the jury unless evidence of the specific fact or facts has been presented. See HRS § 701-115 (1993). Therefore, the Circuit Court did not err in declining to give the mistake-of-fact defense as to Count I.
(2) The Circuit Court did not abuse its discretion when it denied Guinan's motion to sever Counts I and II. The decision to sever is in the sound discretion of the trial court; a defendant is not entitled to a severance as a matter of right. See State v. Balanza, 93 Hawai'i 379, 388, 2 P.3d 281, 290 (2000). Although Guinan presented different defenses to Counts I and II, the two counts were properly joined under Hawai'i Rules of Penal Procedure (HRPP) Rule 8. In conjunction with both Guinan's pre-trial motion and his renewed motion to sever, it appears that the Circuit Court properly balanced the possible prejudice to Guinan with the public interest in the efficient use of judicial time through the joint trial in this case. See HRPP Rule 14; State v. Cordeiro, 99, Hawai'i 390, 411, 56 P. 3d 692, 714 (2002); State v. Timas, 82 Hawai'i 499, 512, 923 P.2d 916, 929 (App. 1996). Any potential prejudice to Guinan stemming from consideration of the two UCPV counts, for which Guinan raised different defenses, was minimal at best and was effectively dispelled by the Circuit Court's jury instruction regarding separate consideration of each count. See Balanza 93 Hawai'i at 289, 1 P.3d at 291.
For these reasons, we affirm the Circuit Court's March 12, 2008 Judgment with respect to Count I and vacate and remand for a new trial on Count II.
NOTES
[1] The Honorable Randal K.O. Lee presided.